IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40704
Conference Calendar
_____

DUD STEADMAN,

                                        Plaintiff-Appellant,

versus

ORLANDO PEREZ; WILLIAM A. BOOTHE;
MAXIMILIANO J. HERRERA; KEVIN WESEMAN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-87
--------------------
June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Dud Steadman (TDCJ # 358789) appeals the district court's dismissal of his in forma pauperis (IFP) civil rights complaint. The court dismissed the complaint as frivolous and for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). We review § 1915(e)(2)(B)(i) dismissals for an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is reviewed <u>de</u> <u>novo</u>.  <u>Black v. Warren</u>, 134 F.3d 732, 734 (5th Cir. 1998).

Steadman's mere disagreement with the medical decision to lift his earlier medical restrictions is not actionable under 42 U.S.C. § 1983.  <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).  Further, Steadman cannot show that the work assignment that he complains of was made with deliberate indifference to his health or safety.  <u>See</u> <u>Jackson v. Cain</u>, 864 F.2d 1235, 1245 (5th Cir. 1989).  Upon the record before the district court at the time judgment was entered, the court's determination that Steadman's due process claim also failed was not in error.  <u>See</u> <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995).  Steadman's assertions regarding his being housed with medium custody inmates are insufficient to establish deliberate indifference to his health or safety.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).  We lack jurisdiction to review the denial of a temporary restraining order.  <u>See</u> <u>House the Homeless, Inc. v. Widnall</u>, 94 F.3d 176, 180, n.8 (5th Cir. 1996).  The judgment of the district court is AFFIRMED.

AFFIRMED.