IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40295
Conference Calendar
_____

TROY HOOPER,

                                        Plaintiff-Appellant,

versus

E. L. WILLIAMS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CV-237
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Troy Hooper, Texas prisoner number 645201, appeals the
district court's dismissal of his 42 U.S.C. § 1983 suit as
frivolous.  Hooper argues that his allegation that false evidence
was presented at his classification hearing was sufficient to
state a constitutional violation and that the district court thus
erred in dismissing his complaint as frivolous.

    Hooper has not shown that his complaint stated the violation
of a constitutional right.  See Luken v. Scott, 71 F.3d 192, 193
(5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir.

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1995).  Accordingly, he has not shown that the district court abused its discretion in dismissing his complaint as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Harper v. Showers, 174 F.3d 716, 718 & n.3 (5th Cir. 1999). Hooper's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

The dismissal of this appeal and the dismissal as frivolous by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Hooper therefore has at least two "strikes" under 28 U.S.C. § 1915(g).  We caution Hooper that once he accumulates three "strikes," he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.