United States Court of Appeals,

Fifth Circuit.

No. 95-20724

Summary Calendar.

Daniel Joseph LUKEN, Plaintiff-Appellant,

v.

Wayne SCOTT, et al., Defendants-Appellees.

Dec. 21, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Daniel Joseph Luken appeals from the judgment of the United States District Court dismissing as frivolous under 28 U.S.C. § 1915 his claim that his confinement in administrative segregation violates his due process rights. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

I.

On April 25, 1995, Luken filed suit pursuant to 42 U.S.C. § 1983 against Wayne Scott and the Texas Department of Criminal Justice. Luken alleged that Scott willfully maintained false information in Luken's prison file concerning Luken's membership in a prison gang, the Aryan Brotherhood; that on the basis of that information, Luken was confined in administrative segregation; and, that because of his custody status, he has been unable to accrue additional good-time credits to accelerate his eligibility for parole.

On June 8, 1995, the district court ordered Luken to furnish a more definite statement of facts. Responding to the court's order, Luken conceded that he received a hearing within ten days after being placed in administrative segregation; that he was afforded the opportunity to make a statement at the hearing; and, that a classification review board reviewed his status every ninety days.

In its order dismissing Luken's complaint as frivolous under 28 U.S.C. § 1915, the district court concluded that Luken had failed to demonstrate that he had a constitutionally cognizable liberty

interest in his custody status. In addition, the district court held that, even if he did possess such a interest, Luken had received all the process due him. This timely appeal followed.

II.

This case is not about the deprivation of good-time credits previously earned by Luken. *Cf. Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Gotcher v. Wood,* 66 F.3d 1097, 1100 (9th Cir.1995). Rather, Luken contends that the *mere opportunity* to earn good-time credits constitutes a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause. We disagree.

In *Sandin v. Conner,* 515 U.S. ----, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at ----, 115 S.Ct. at 2295, 132 L.Ed.2d at 430 (citations omitted). The Court held that the prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at ----, 115 S.Ct. at 2295, 132 L.Ed.2d at 431. *Sandin* establishes that Luken's administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest. *See also Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir.1995) (holding that no liberty interest is implicated by placement in administrative segregation); *Gothcher,* 66 F.3d at 1101 (remanding for determination whether placement in disciplinary segregation imposed "atypical and significant" hardship on prisoner sufficient to create liberty interest).

Luken responds that the effect of his custodial status has been to reduce his opportunity for earning good-time credits that could lead to a shortened time in prison, which is a constitutionally protected liberty interest. In *Sandin,* the Court rejected a similar argument, noting that Conner's confinement in disciplinary segregation would not "inevitably" affect the duration of his sentence since the decision to release a prisoner on parole "rests on a myriad of considerations." *Id.* at ----, 115 S.Ct. at 2302, 132 L.Ed.2d at 431-32. Indeed, the Court concluded that the possibility that Conner's

confinement in disciplinary segregation would affect when he was ultimately released from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* at ----, 115 S.Ct. at 2302, 132 L.Ed.2d at 432.

The loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of Luken's custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests. *See Meachum v. Fano,* 427 U.S. 215, 229 n. 8, 96 S.Ct. 2532, 2540 n. 8, 49 L.Ed.2d 451 (1976) (noting that possible effect on parole decision does not create liberty interest in confinement in particular prison). Any of a host of administrative or disciplinary decisions made by prison authorities might somehow affect the timing of a prisoner's release, but such effects have never been held to confer a constitutionally protected liberty interest upon a prisoner such that the prison authorities must comply with the Constitutional requirements of due process. For example, in *Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 50 (5th Cir.1995), we held that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to *automatically* accrue good-time credits as a consequence.

Finally, even if Luken possessed a constitutionally protected liberty interest in his custodial status, we are not persuaded that Luken has been afforded constitutionally insufficient process. Although Luken contends that his prison file contains false information regarding his gang membership, Luken points to no denial of procedure for demonstrating the falsity of this information. Indeed, Luken concedes that he received a hearing within ten days of being placed in administrative segregation, *Rodriguez v. Phillips,* 66 F.3d 470, 480 (2d Cir.1995) (holding that prisoner received due process where informal review occurs within reasonable time after placement in administrative segregation), and his custodial status is reviewed every ninety days.

The district court did not abuse its discretion in dismissing Luken's complaint as frivolous pursuant to 28 U.S.C. § 1915.

AFFIRMED.