IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10961
Conference Calendar
_____


MORRIS R. BROUSSARD,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
JOEL YOUNG; DANNY SCHAEFER; SHARON B. KIRL;
M.W. MOORE; W. DELAROSA,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:94-CV-71-C
- - - - - - - - - -
April 18, 1996
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     This is an appeal from the grant of summary judgment for the

defendants in a civil rights action.  Before reaching the issue

whether Broussard received due process in connection with his

disciplinary proceedings, the court must determine whether he

held a liberty interest protected under the Due Process Clause.

Sandin v. Conner, 115 S. Ct. 2293, 2297-2300 (1995).  State-

created liberty interests which are protected by the Due Process

_____

   [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Clause will be generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Id. at 2300. In Luken v. Scott, 71 F.3d 192 (5th Cir. 1995), pet. for cert. filed, (U.S. Jan. 16, 1996) (No. 95-8268), we concluded that the loss of the opportunity to earn good time credits, which might lead to earlier parole, is a speculative collateral consequence which does not give rise to a constitutionally protected liberty interest.  Id. at 193.  Broussard did not hold a protected liberty interest under Sandin to complain of the constitutionality of the procedural devices attendant to his disciplinary hearings.  See Sandin, 115 S. Ct. at 2297-2300.

AFFIRMED.