IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11071
Summary Calendar
_____

ADAM GUZMAN,

Plaintiff-Appellant,

versus

EDDIE WHEELER; CAROLYN A. POPE;
CHARLES BELL,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-52
- - - - - - - - - -
February 20, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Adam Guzman, Texas prisoner # 667535, appeals from the

dismissal of his 42 U.S.C. § 1983 complaint for failure to state

a claim. Guzman's challenge to a disciplinary charge, which was

later overturned, fails to state a constitutional violation.

Sandin v. Connor, 515 U.S. 472, 484 (1995); Luken v. Scott, 71

F.3d 192, 193 (5th Cir. 1995), cert. denied, 116 S. Ct. 1690

(1996). Accordingly, the magistrate judge did not err in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissing that claim. The dismissal of Guzman's challenge to the disciplinary case is AFFIRMED.

The magistrate judge's dismissal of Guzman's failure-to-protect claim, however, was error. In the dismissal, the magistrate judge cited Fed. R. Civ. P. 12(b)(6), 42 U.S.C. § 1997e(c)(1), and "42 [sic] U.S.C. 1915(c)(2)." Because the dismissal was prior to service of process or any Rule 12(b)(6) motion, the most appropriate authority for such a dismissal is § 1915(e)(2)(B)(ii), because Rule 12(b)(6) contemplates that there will be a motion to dismiss the complaint. For the purposes of this opinion, we assume without deciding that the standard of review for a § 1915(e)(2)(B)(ii) dismissal based on failure to state a claim is de novo. See Mitchell v. Farcass, 112 F.3d 1483, 1485, 1489-90 (11th Cir. 1997).

To establish a failure-to-protect claim, the plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Although the magistrate judge stated that there is nothing in the record to indicate that the prison authorities were put on notice, Guzman alleged in his complaint and again at the Spears hearing that he had notified prison authorities prior to the first attack and that he had notified them again after the second attack.  His prison file also contains his request for safekeeping and a transfer prior to the first alleged attack. Regardless, the lower court "may not use prison records to counter a plaintiff's Spears testimony."  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Guzman's factual allegations in his complaint and his testimony during the Spears hearing presented facts that are not baseless, and they could show a constitutional violation if the prison officials failed to take reasonable measures to protect him.  Accordingly, the dismissal of Guzman's failure-to-protect claim for failure to state a claim was error.  The dismissal of Guzman's failure-to-protect claim is REVERSED, and the case is REMANDED to the district court for further proceedings.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.