IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60200
Summary Calendar

_____

ALBERRY ERVING, JR.,

Plaintiff-Appellant,

versus

JAMES V. ANDERSON, Individually and In Official Capacity as
Commissioner; C. DAVID TURNER, Individually and In Official
Capacity as Superintendent; MICHAEL INDIVIDUALLY AND IN OFFICIAL
CAPACITY AS WARDEN; FLORENCE JONES, Individually and In Official
Capacity as ADOS; REGINA HANCOCK, Associate Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CV-347-PG
--------------------

October 25, 1999

Before KING, Chief Judge, and SMITH and EMILIO M.GARZA, Circuit
Judges.

PER CURIAM:[*]

Alberry Erving, Jr., Mississippi prisoner # 41473, filed a

42 U.S.C. § 1983 action alleging that his Equal Protection rights

were violated and he was denied Due Process when he was placed on

administrative segregation.  Erving argues that the actions of

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prison officials violated his First and Eighth Amendment rights. Erving requests only monetary relief.

Erving's classification in administrative segregation was an incident to the ordinary life of a prisoner and cannot form the basis of a constitutional claim. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Erving is not entitled to relief for his Eighth Amendment claim because he does allege a physical injury and requests only monetary relief. See Harper, 174 F.3d at 719. Erving may not raise his First Amendment claim for the first time on appeal, and, in addition, he has failed to exhaust his state remedies on this claim. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); 42 U.S.C. § 1997e(a).

AFFIRMED.