**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-60379
Summary Calendar

_____

JOE MOHWISH,

                                 Petitioner-Appellant,

versus

KURSHID Z. YUSUFF, Warden,

                                 Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:99-CV-72-BrS

February 1, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joe Mohwish, federal inmate # 02860-032, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2241 petition. Mohwish contends that he was denied due process during prison disciplinary proceedings and that the disciplinary charge was levied against him in retaliation for his use of the administrative grievance procedure. We affirm.

The punishments that Mohwish received as a result of the disciplinary proceeding do not constitute a deprivation of a constitutionally cognizable liberty interest. *See Sandin v. Connor*, 515 U.S. 472, 485 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied, Luken v. Johnson*, 517 U.S. 1196 (1996); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). Mohwish's contention that the infraction disqualifies him from

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

being eligible to earn extra good time at a minimum security camp placement is too speculative to create a constitutionally protected liberty interest. *See Luken*, 71 F.3d at 193 (loss of the opportunity to earn good-time credits, which might lead to earlier release, was too speculative to create a constitutionally protected liberty interest). Under 28 U.S.C. § 2243 (1999), the district court did not err in dismissing Mohwish's petition.

It is doubtful that Mohwish's § 2241 petition adequately presented his retaliation claims to the district court, and we cannot consider claims raised after the district court dismissed Mohwish's petition. *See Ward v. Whitley*, 21 F.3d 1355, 1360 (5th Cir. 1994) ("A habeas petitioner may not add new constitutional claims to a petition after the district court has entered judgment."); *Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir. 1996). It is also doubtful that Mohwish's retaliation claims are cognizable under § 2241, which authorizes challenges to the legality of a prisoner's custody. *See* 28 U.S.C. § 2241 (1999). Nevertheless examining Mohwish's retaliation claims out of an abundance of caution, we find that Mohwish fails to state a claim for retaliation because he fails to adequately show that a retaliatory motive was the but-for cause of the disciplinary charge. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) ("To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred. This places a significant burden on the inmate."); *Johnson v. Rodriguez*, 110 F.3d 299, 313 n.19 (5th Cir. 1997) ("Unless the complained of action would not have taken place 'but for' the retaliatory animus, then the retaliation claim has not been made out.") Any retaliation claims made by Mohwish were therefore properly dismissed under § 2243.

The district court's dismissal of Mohwish's § 2241 petition is AFFIRMED.