IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20176
Conference Calendar

_____

EDDIE CARLTON THOMPSON,

                                        Plaintiff-Appellant,

versus

J. GUSTAFSON; C.T. SPIVEY; DAVID A. TURRUBIARTE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1873
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Eddie Carlton Thompson, Texas prisoner # 395421, appeals the
district court's partial dismissal as frivolous and partial grant
of summary judgment in favor of the defendants in his civil
rights action under 42 U.S.C. § 1983.

     "A complaint lacks an arguable basis in law if it is based
on an indisputably meritless legal theory." Harper v. Showers,
174 F.3d 716, 718 (5th Cir. 1999) (quotation omitted). As none
of the punishments meted out to Thompson by Captain Turrubiarte
as a result of the disciplinary hearing "constitute a deprivation

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of a constitutionally cognizable liberty interest[,]" the district court did not err in dismissing this claim as frivolous. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Sandin v. Connor, 515 U.S. 472, 474 (1995).

In granting summary judgment, the district court correctly found that the punishments imposed in the disciplinary case involving Gustafson and Spivey did not involve deprivations of a protectable liberty interest. The district court correctly found that Thompson had failed to show any proof that Gustafson had a retaliatory motive for charging Thompson with failing to complete his work assignments and talking as Gustafson had charged Thompson with similar offenses both before and after the complained of incidents. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). On appeal, Thompson has produced nothing but his own unsubstantiated assertions to challenge the findings of the district court. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The district court did not abuse its discretion in denying Thompson's motion for appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Thompson's motion to supplement the record with copies of the defendants' responses to his discovery requests is DENIED.

AFFIRMED; MOTION DENIED.