IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40566
Conference Calendar

_____


KENNETH CRAIG FOUNTAIN,

                                        Plaintiff-Appellant,

versus

JAMES COOKSEY; GEORGE GRAHAM; LINDA DEHOYOS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1950
- - - - - - - - - -
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Kenneth Craig Fountain, Texas prisoner # 537008, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous and for failure to state a claim.  He argues for the
first time on appeal that the conditions in administrative
segregation deny prisoners the minimal necessities resulting in
an unconstitutional confinement.  Fountain has failed to
demonstrate plain error with regard to this issue of factual
dispute.  *See Robertson v. Plano City of Texas*, 70 F.3d 21, 22
(5th Cir. 1995).  The mere fact that Fountain is in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

administrative segregation does not constitute a deprivation of a constitutionally cognizable liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Fountain also argues that the defendants have denied adequate medical care for his alleged psychiatric condition. He has alleged a mere disagreement with the degree and method of psychiatric treatment he has received, which is insufficient to states a claim for Eighth Amendment indifference to medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). He also alleged that Cooksey, the prison psychologist, was negligent for not referring him to a psychiatrist, which is also insufficient to create a cognizable § 1983 claim. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, the district court's dismissal of Fountain's complaint is AFFIRMED. The district court's dismissal and this court's affirmance of the district court's dismissal count as a single strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Fountain is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.