IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60308
Conference Calendar
_____

JIMMY HARRIS,

Plaintiff-Appellant,

versus

DANNY NEELY, Lieutenant Correctional Officer of the
Central Mississippi Department of Corrections Facility
in his official and individual capacity,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-733-WS
--------------------
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jimmy Harris, Mississippi inmate #81770, appeals the dismissal of his civil rights complaint as frivolous. He argues that Danny Neely's conduct of placing Harris in lockdown for two hours, subsequently accusing him of violating a prison rule but never filing a disciplinary report about it, and parading Harris among the other officers after Neely released Harris from lockdown amounted to a violation of due process. He also argues that Neely's action amounted to cruel and unusual punishment, and

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore, was a violation of the Eighth Amendment.  Harris fails to argue his claims arising under the First and Sixth Amendment, and therefore, any such argument is deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Harris' treatment by Neely does not represent atypical hardships in relation to the rudiments of prison life which would give rise to a constitutional interest cognizable under the Fourteenth Amendment.  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995).  Nor do Neely's acts amount to cruel and unusual punishment under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 102 (1976).  The district court did not abuse its discretion in dismissing the complaint as frivolous.  See Luken, 71 F.3d at 194.  This appeal is without arguable merit and is therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The appeal is DISMISSED as frivolous.  See 5TH CIR. R. 42.2.  IT IS ALSO ORDERED that Harris' motion for fees is DENIED.

This dismissal is Harris' third strike pursuant to 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); see also Harris v. Pacific, No. 95-60738 (5th Cir. May 21, 1996) (unpublished).  Pursuant to § 1915(g), Harris is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED.  MOTION DENIED.  THREE-STRIKE BAR ISSUED.