IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30779
Conference Calendar
_____

KENNETH PAUL JONES,

Plaintiff-Appellant,

versus

MICKEY HUBERT; PAMELA HORNE;
LATERSHISH WALDRUP,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-562
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Kenneth Paul Jones (Louisiana prisoner #112910) appeals the

district court's dismissal of his civil rights action under

28 U.S.C. § 1915(e) for failure to state a claim on which relief

could be granted.  In dismissing the action, the district court

concluded that the basis of Jones' complaint--that is, his

placement in lockdown for eight days while an investigation into

alleged misconduct was pending--did not implicate a protected

liberty interest.  We review the district court's dismissal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

de novo.  See Bass v. Parkwood Hosp., 180 F.3d 234, 240 (5th Cir. 1999).

Jones acknowledges on appeal that the Constitution itself does not give rise to a protected liberty interest in remaining free from administrative segregation.  He states, however, that the State of Louisiana has created such a liberty interest through a prison regulation requiring a shift supervisor to investigate the reasonableness of allegations leading to an inmate's placement in administrative segregation.

Jones essentially asks this court to engage in the exact approach denounced by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995).  In Sandin, the Court concluded that the focus of a liberty-interest inquiry should be on the nature of the deprivation and not on the language used in a particular prison regulation.  Id. at 480-84.  The Court held, that although states could create liberty interests which are protected by the Due Process Clause, those interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 483-84.

The nature of the deprivation in Jones' case is his placement in lockdown for eight days while an investigation into alleged misconduct was pending.  Such action did not "impose[] atypical and significant hardship on [Jones] in relation to the ordinary incidents of prison life."  See id. at 484; see also Hewitt v. Helms, 459 U.S. 460, 462-65, 468 (1983)(concluding that inmate's placement in administrative segregation while his role

in prison riot was being investigated was "well within the terms of confinement ordinarily contemplated by a prison sentence"). The allegations in Jones' complaint failed to implicate a protected liberty interest. See Sandin, 515 U.S. at 486-87 (holding that state prisoner's placement in disciplinary segregation for 30 days did not present the type of atypical, significant deprivation implicating a protected liberty interest); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (concluding that prisoner's placement in administrative segregation, due to allegedly false information in his file indicating that he was member of prison gang, did not constitute a deprivation of a constitutionally cognizable liberty interest). Accordingly, the district court did not err in dismissing Jones' complaint under § 1915(e) for failure to state a claim. See Bass, 180 F.3d at 240.

Jones' appeal is frivolous and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2. The dismissal of Jones' complaint for failure to state a claim and the dismissal of this appeal as frivolous each count as a strike for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Jones that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; § 1915(g) WARNING ISSUED.