IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40512
Conference Calendar
_____

JAMES EUGENE GOEN,

                                              Plaintiff-Appellant,

versus

SCOTTY KYLE, Deputy Warden; JOEL WATKINS,
Hearing Officer; MARVIN BYNUM, Program
Manager; BRADSHAW STATE JAIL; MANAGEMENT
TRAINING CORP. (MTC),

                                              Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-680
- - - - - - - - - -
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

James Eugene Goen, a Texas prisoner (# 823930), appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights

action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Goen has asserted that the defendants violated his First

Amendment rights by filing a disciplinary report against him in

retaliation for his filing of a grievance against a prison

official.  He has also alleged that the defendants had violated

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his due process rights at the disciplinary hearing that followed, when they prevented him from calling inmate witnesses in his defense and his substitute counsel performed ineffectively. The district court concluded that Goen's retaliation claim was conclusional and that his due process claims were frivolous under the rule of Sandin v. Conner, 515 U.S. 472 (1995).

The district court did not abuse its discretion in dismissing Goen's complaint as frivolous. See Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998) (Bivens-type civil rights claim by federal inmate). Goen's allegations in support of his retaliation claim have been and remain too conclusional to state a claim that the defendants acted in a retaliatory manner against him. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Insofar as Goen has asserted that his due process rights were violated at his disciplinary hearing, the punishments imposed for the purported disciplinary violation did not implicate a constitutionally cognizable liberty interest. See Sandin, 515 U.S. at 274; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

AFFIRMED.