John F. WORKMAN, Plaintiff–
Appellant,

v.

Reginald A. WILKINSON; Sally
Favors–Glover; Robert Minard,
Defendants–Appellees.

No. 01–3588.

United States Court of Appeals,
Sixth Circuit.

Nov. 7, 2001.

**440**

Before KEITH, BOGGS, and MOORE, Circuit Judges.

John F. Workman, an Ohio prisoner proceeding pro se, appeals the district court order dismissing his civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Workman sued Reginald Wilkinson, Sally Favors–Glover, and Robert Minard. He alleged that the defendants violated his due process rights under the Fourteenth Amendment when they found him guilty of a misconduct offense, sentenced him to administrative control, and denied his appeals. The defendants moved to dismiss Workman's complaint for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). The district court granted the motion, concluding that Workman's punishment did not implicate the Due Process Clause.

In his timely appeal, Workman argues that: (1) administrative control is an atypical and significant hardship under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); and (2) his confinement in administrative control prevented him from being released on parole.

Upon de novo review, we conclude that the district court properly dismissed Workman's complaint for failure to state a claim. See *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998). A Rules Infraction Board ("RIB") found Workman guilty of two rule violations after concluding that he made a key and a fake cover for a vent in order to hide contraband. Workman successfully appealed one of the violations, but was placed in administrative control because of the remaining conviction. Workman was classified as a maximum security prisoner and transferred to a maximum security prison in September 2000. The parole board denied him parole in March 2001, noting his administrative control and maximum security status.

■■■ The defendants' actions did not infringe upon Workman's due process rights. Workman's administrative control and maximum security classification do not constitute atypical and significant hardship because heightened security status is one of the ordinary incidents of prison life. See *Sandin*, 515 U.S. at 484. Even in the absence of a disciplinary conviction, a state may transfer a prisoner to a less desirable facility without implicating the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215, 224–25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Therefore, Workman's re-classification and transfer does not create a liberty interest.

Moreover, the RIB's actions did not inevitably affect the duration of Workman's sentence. See *Sandin*, 515 U.S. at 487. Workman argues that the parole board will not release prisoners who are classified as maximum security. While this may be the parole board's policy, Workman did not identify any provision of Ohio law that forbids the parole board from granting

parole to a prisoner in administrative control or that requires the board to grant parole if a prisoner is not in maximum security status. *See id.* Thus, the effect of Workman's disciplinary conviction on his chances for parole is a collateral consequence and does not create a liberty interest. *See id.; Luken v. Scott,* 71 F.3d 192, 193–94 (5th Cir.1995).

Construing the complaint in a light most favorable to Workman and accepting all of his factual allegations as true, he can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.