IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30019
Conference Calendar

_____

JOE NATHAN TUBBS,

Plaintiff-Appellant,

versus

ANTHONY BATSON; ELIZABETH PEARSON;
MCI TELEPHONE CO.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1703
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Joe Nathan Tubbs, Louisiana prisoner number 68556, appeals

the district court's dismissal of his 42 U.S.C. § 1983 civil

rights suit as frivolous and for failure to state a claim. Tubbs

argues that the district court erred in dismissing his suit

without determining whether defendant Elizabeth Pearson filed

false charges against him, whether he had been denied due process

at his disciplinary hearing, and whether he had raised a valid

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conspiracy claim. He does not, however, contend that the district court erred in dismissing his claim against defendant MCI. Because he does not present any argument concerning his claim against MCI, that claim is waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Tubbs has not shown that the remaining defendants' alleged improper actions deprived him of a constitutional right. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). A violation of the plaintiff's constitutional rights is an essential element of a 42 U.S.C. § 1983 suit. Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). Because Tubbs has not shown that the defendants violated his constitutional rights, he likewise has not shown that the district court erred in dismissing his 42 U.S.C. § 1983 suit. The judgment of the district court is AFFIRMED.