IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-60071
Conference Calendar

DAVID JOE THOMAS

Plaintiff-Appellant

v.

MICHELLE JORDAN, Mississippi Department of Corrections Director of Records Department; WENDY POWER, Mississippi Department of Corrections Director of Classification Department

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-361

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Joe Thomas, Mississippi prisoner # 37145, pleaded guilty to burglary and was sentenced to five years in prison. Thomas filed a 42 U.S.C. § 1983 suit, alleging that the defendants' failure to classify him as a trusty deprived him of the opportunity to earn 260 days of good time credits. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding that it failed to state a claim on which relief could be granted. This appeal followed.

In reviewing a dismissal for failure to state a claim pursuant to § 1915(e), this court employs the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). The district court's dismissal was correct. There is no constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); see also Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Thomas's appeal lacks arguable merit. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, we dismiss it as frivolous. See 5TH CIR. R. 42.2. Because Thomas was incarcerated at the time he filed his notice of appeal and at the time he filed his suit, the dismissal of this appeal as frivolous and the dismissal by the district court of Thomas's suit both count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Thomas is cautioned that he has now accumulated two strikes and that, if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.