REVISED JUNE 10, 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2011

Lyle W. Cayce
Clerk

No. 10-20778
USDC No. 4:10-CV-3571
Summary Calendar

MIGUEL HINOJOSA,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; FNU SPERRY, Assistant Warden; FNU SHEELY, Senior Warden; FNU REID, Captain; MS. C. HEROD, Counsel Substitute; SERGEANT FNU HAYNES; MR. C. LANSON, Center Grievance at Huntsville; MS. FNU WARREN, O.I.G.; GRIEVANCE COORDINATOR, Boyd Unit,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Hinojosa, Texas prisoner # 840997, is serving a 40-year habitual-offender sentence for possession of cocaine. In April 2010, Hinojosa was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convicted of fighting in TDCJ disciplinary proceeding # 20100228559. As a result, he lost 50 days of good time credits and 45 days of commissary privileges, he was placed on 45 days of cell restriction, and his line class status was reduced. After exhausting prison grievance procedures, he filed a 28 U.S.C. § 2254 petition alleging that the disciplinary proceeding violated due process because the charges were based on insufficient and unreliable evidence; the hearing officer was prejudiced; counsel substitute failed to offer exculpatory evidence and conspired with the hearing officer; and the hearing officer issued a retaliatory verdict.

The district court held that the petition did not allege a constitutional claim. The court determined that in a prison context, cell restriction and the loss of commissary privileges are not atypical or significant hardships giving rise to a due process claim; a reduction in the ability to earn good time credits does not involve a constitutionally protected liberty interest; and Hinojosa could not challenge the loss of good time credits because he is not eligible for release to mandatory supervision. The court concluded that Hinojosa was not entitled to a certificate of appealability (COA). Hinojosa now seeks a COA from this court.

Issuance of a COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When, as here, a petitioner's claims have been denied on the merits, a COA will be granted only if he "demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In addition, a habeas petitioner must allege that he has been deprived of a right secured to him by the United States

Constitution or the laws of the United States." Teague v. Quarterman, 482 F.3d 769, 773 (5th Cir. 2007).

Hinojosa argues that there was no evidence to support the charges against him; the hearing officer was prejudiced; his counsel substitute failed to introduce exculpatory evidence and conspired with the hearing officer to convict him; his punishment is excessive because he is innocent; and prison officials have retaliated against him by assigning him to a cell with no writing surface. We do not consider the cell assignment claim as Hinojosa did not raise it in the district court. See Henderson v. Cockrell, 333 F.3d 592, 605 (5th Cir. 2003).

The commissary and cell restrictions imposed in this case do not implicate due process concerns as such restrictions do not represent an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000)(addressing a prior version of Texas mandatory supervision statute); see also Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). The effect of a reduction in classification on a prisoner's ability to earn good-time credits is too speculative to constitute a deprivation of a protected liberty interest. See Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995). Hinojosa has not shown that reasonable jurists would debate the dismissal of these claims.

However, he has made the requisite showing with respect to the loss of good-time credits. When a state statute bestows mandatory sentence reductions for good behavior, due process requirements apply to disciplinary proceedings that result in the loss of "good time" credits. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). Thus, if Hinojosa is entitled to mandatory supervision under Texas law, due process protections may apply to the loss of his good time credits. See Teague, 482 F.3d at 776-77. Hinojosa was convicted under Texas Health & Safety Code §481.115(a),(d), enhanced for prior convictions.[1] See Hinojosa v.

---

[1] The district court noted Hinojosa's status as a habitual offender.

State, 03-99-0018-CR, 1999 Tex. App. LEXIS 6969 (Tex. App. – Austin 1999, no pet.)(unpublished). On this record, we cannot determine the basis under Texas law for the district court's determination that Hinojosa is not eligible for release to mandatory supervision. See Teague, 482 F.3d at 776-77; Malchi, 211 F.3d at 957-58; see also TEX. GOV'T CODE ANN. § 508.149 (West 2011)(describing offenses for which mandatory supervision is not available); TEX. PENAL CODE ANN. § 12.42 (West 2011)(habitual offender statute). Accordingly, reasonable jurists would debate the district court's resolution of Hinojosa's claim relating to the loss of his good time credits. Thus, we grant a COA solely on that issue. We deny a COA as to all other issues.

As the district court should have the opportunity to address in the first instance whether Hinojosa is eligible for mandatory supervision and, if so, whether he was afforded due process, we vacate that portion of the judgment denying his claim regarding good time credits and remand this matter for further proceedings consistent with this opinion. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). Hinojosa's motion for appointment of counsel is denied without prejudice to its reurgence on remand as this is a determination better addressed by the district court.

COA GRANTED IN PART AND DENIED IN PART; JUDGMENT VACATED IN PART AND CASE REMANDED; MOTION FOR COUNSEL DENIED WITHOUT PREJUDICE.