# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

Lyle W. Cayce
Clerk

No. 11-40298
Summary Calendar

JED STEWART LINEBERRY,

Petitioner-Appellant

v.

FEDERAL BUREAU OF PRISONS,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:09-CV-177

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jed Stewart Lineberry, federal prisoner # 10296-078, is appealing from the district court's denial of his 28 U.S.C. § 2241 habeas petition challenging disciplinary action taken against him for the possession of anything unauthorized. As a result of the disciplinary action, Lineberry lost 60 days of visitation rights and his transfer to a less secure facility was suspended until he served 180 days with clear conduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40298

Lineberry argues that he was entitled to due process during the disciplinary proceeding because he faced the potential loss of good time credits. He asserts that the punishment imposed was atypical for the violation involved and further contends that there was no evidence presented to support the finding of guilt. Lineberry's argument that due process rights were triggered because the disciplinary action involved the potential loss of good time is without merit. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Nor did the suspension of his transfer to a less secure facility that may have delayed his opportunity to earn good time credits implicate a liberty interest because the effect of the inmate's prison classification on his ultimate release date is too attenuated to give rise to the protection of the Constitution. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000).

Because the disciplinary penalties imposed on Lineberry do not implicate a liberty interest protected by the Due Process Clause, this court need not address the substance of his argument challenging the sufficiency of the evidence presented at his disciplinary proceeding. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460-465 (1989). However, the disciplinary hearing report reflects that the hearing officer relied on a photograph of the contraband and the written statement of the officer who discovered the contraband in a bag that was attached to a string leading directly to Lineberry's cell window. This introduction of "some evidence" to support the finding of Lineberry's guilt was sufficient to satisfy due process concerns. *See Superintendent, Mass. Correctional Inst. v. Hill,* 472 U.S. 445, 454 (1985).

Lineberry argues that he received an atypical punishment that was not imposed on others who were similarly situated and, thus, he was denied equal protection. Lineberry failed to make a showing that he was denied the benefit of a fair disciplinary hearing based upon an improper discriminatory motive. *See Sonnier v. Quarterman*, 476 F.3d 349, 367 (5th Cir. 2007). An equal protection claim did not arise merely because the disciplinary action against Lineberry

resulted in an application or result that was inconsistent with the outcomes resulting in disciplinary cases involving other inmates. *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993).

Lineberry's pleadings reflect that his cellmate and other inmates were subject to disciplinary charges for possessing DVD players and DVDs. Although he alleges that he was similarly situated to these other inmates because all of the contraband was found in a common area, Lineberry's situation differed in that he had access to the contraband through his cell window. Lineberry failed to state an arguable equal protection claim.

The judgment of the district court is AFFIRMED.