**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2012

Lyle W. Cayce
Clerk

No. 10-20462
Summary Calendar

GARY L. KENNEDY,

Plaintiff-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; CHARLES A. WILLIAMSON,
Senior Warden, Texas Department of Criminal Justice - Correctional
Institutions Division, Thomas Goree Unit; DAVID C. BONE, Assistant Warden,
Texas Department of Criminal Justice - Correctional Institutions Division,
Thomas Goree Unit; PATRICK M. MARION, Major of Corrections, Texas
Department of Criminal Justice - Correctional Institutions Division, Thomas
Goree Unit; KENNETH JONES, Captain of Corrections, Texas Department of
Criminal Justice - Correctional Institutions Division, Thomas Goree Unit;
DOROTHEIA L. ROBERTS, Lieutenant of Corrections, Texas Department of
Criminal Justice - Correctional Institutions Division, Thomas Goree Unit;
KENDRA D. SHELLY, Case Manager II, Texas Department of Criminal Justice
- Correctional Institutions Division, Thomas Goree Unit; CHEYENNE C. SHAW,
Unit Grievance Director, Texas Department of Criminal Justice - Correctional
Institutions Division, Thomas Goree Unit; T. RODDEY, Regional Grievance
Coordinator, Texas Department of Criminal Justice - Correctional Institutions
Division, Thomas Goree Unit; JOHN W. CHRISTIAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1878

No. 10-20462

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Gary L. Kennedy, Texas prisoner # 610571, proceeding pro se and in forma pauperis (IFP), appeals the district court's judgment dismissing his 42 U.S.C. § 1983 suit, which raised claims connected to a disciplinary conviction that was later overturned, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We review this dismissal for an abuse of discretion. *See Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). A district court abuses its discretion when its decision is based on a legal error "or on a clearly erroneous assessment of the evidence." *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002) (internal quotation marks and citation omitted). Our review of Kennedy's arguments shows that he has not met this standard.

Insofar as Kennedy contends that his placement in medium custody infringed his constitutional rights, he is mistaken. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000)); *Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995). His argument concerning an alleged infringement of his procedural rights likewise fails, as he has not shown that he was denied any of the process due him in connection with this disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009); *Moody v. Miller*, 864 F.2d 1178, 1180-81 (5th Cir. 1989). Kennedy has not shown an abuse of discretion in connection with the district court's dismissal of his suit as frivolous. Consequently, the district court's judgment is AFFIRMED.

Our opinion affirming the district court's dismissal as frivolous of Kennedy's § 1983 complaint counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Kennedy is cautioned

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20462

that once he accumulates three strikes, he will not be able to proceed IFP in a civil action or an appeal of a judgment in a civil action while incarcerated or detained in any facility unless he demonstrates that he is under "imminent danger of serious physical injury." § 1915(g).

**AFFIRMED; SANCTION WARNING ISSUED.**