# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41287

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2018

Lyle W. Cayce
Clerk

CALVIN JARROD HESTER,

Plaintiff-Appellant

v.

OFFICER ANGELA MAMUKUYOMI; OFFICER PAUL AJOKU, III; CAPTAIN GRETA K. BENNETT; ASSISTANT WARDEN CALVIN E. TUCKER; KIMBERLY K. MORAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-340

Before CLEMENT, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Calvin Jarrod Hester, Texas prisoner # 1472075, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed this 42 U.S.C. § 1983 action against Angela Mamukuyomi, correctional officer; Paul Ajoku, correctional officer; Captain Greta Bennett; Assistant Warden Calvin Tucker; and Supervisor Kimberly Moran, alleging that the defendants violated his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to procedural due process during the course of a prison disciplinary proceeding.

The district court dismissed Hester's complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  The district court denied Hester's motion to proceed IFP on appeal, certifying that his appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3).

By moving to proceed IFP, Hester is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Hester argues that the disciplinary action resulted in sanctions that infringed upon his constitutionally protected liberty interest.  He notes that he lost 90 days of good-time credit, and he contends that he does have a protected liberty interest in his good-time credit.  He asserts that the district court did not include his demotion in classification which imposed upon him a "one year restriction of minimal segregation, and including commissary/telephone privileges affect the unconstitutional condition of prison life."  He notes that he was removed from the general prison population for over a year and lost the privileges associated with his prison grade.

A prisoner's protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in

No. 17-41287

relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Although Hester contends that he does have a liberty interest in his good-time credits, he does not challenge the district court's taking judicial notice of the fact that due to the affirmative finding that he used or exhibited a deadly weapon, Hester was ineligible for release to mandatory supervision. Under Texas law, an inmate is not eligible for mandatory supervision if he is serving a sentence for or has been previously convicted of an offense in which the judgment contains an affirmative finding that a deadly weapon was used. *See* TEX. GOV'T CODE § 508.149(a) (1). Because one of his prior convictions includes such a finding, Hester is not eligible for mandatory supervision, and he cannot establish that the loss of good-time credit implicated a constitutionally protected liberty interest that is protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000).

Likewise, the reduction in Hester's classification status and the potential impact on his good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Similarly, the loss of his privileges does not pose an "atypical" or "significant" hardship that implicates a constitutionally protected liberty interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Further, Hester's removal from the general population and placement in segregation for one year does not constitute a deprivation of a constitutionally cognizable liberty interest. *See Sandin*, 515 U.S. at 486; *Luken*, 71 F.3d at 193; *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008) (13-month confinement in lockdown without a prior hearing did not result in a deprivation of a cognizable liberty interest).

No. 17-41287

The district court did not err in concluding that Hester's punishments did not implicate due process. Thus, the district court did not err in dismissing Hester's complaint as frivolous and for failure to state a claim. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Because Hester did not have a protected liberty interest implicated by any of his punishments, we need not address the substance of his due process arguments. *See Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010).

Hester's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Hester's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We hereby inform Hester that the dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g), in addition to the strike for the district court's dismissal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We caution Hester that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; ALL OTHER MOTIONS DENIED.