# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20522
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2019

Lyle W. Cayce
Clerk

EDDIE LEWIS CARTER,

      Plaintiff-Appellant

v.

LIEUTENANT BROWN; WARDEN GORDY; B. BARNETT; ERICK GALEAS,

      Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3089

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Eddie Lewis Carter, Texas prisoner # 443810, filed a complaint under 42 U.S.C. § 1983 for alleged constitutional violations arising out of a disciplinary hearing. Carter contends that Correctional Officer Erick Galeas disliked him because he was Muslim. Carter alleges that Officer Galeas filed a false disciplinary charge against him for being "out of place" without authorization and presented false evidence against him at the ensuing disciplinary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20522

Carter further alleges that Lieutenant Brown conspired with Officer Galeas to violate procedural rules at the hearing and that Lieutenant Brown wrongly found him guilty of the disciplinary infraction. Carter also contends that Grievance Officer Barnett inadequately investigated the incident and that Warden Gordy did not reverse the invalid conviction.

The district court dismissed Carter's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. We review a dismissal for failure to state a claim de novo and apply the standard used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

Carter argues that he was falsely charged and convicted at a hearing that violated established procedures, relied on false evidence, and resulted in the imposition of cruel and unusual punishment. As punishment for his disciplinary infraction, Lieutenant Brown curtailed Carter's commissary and recreation privileges, imposed bunk restrictions, and issued Carter a reprimand. Because Carter's punishment does not implicate a protected liberty interest, he has not alleged a due process violation. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767-80 (5th Cir. 1997). To the extent that the punishment could affect his future ability to earn good-time credits, he has no protected liberty interest in the speculative and collateral consequences of the ruling. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). And his claim that the punishment was cruel and unusual is unavailing because he does not allege that the punishment was disproportionate to the alleged disciplinary offense or that he was deprived of the minimal measure of life's necessities. *Wilson v. Lynaugh*, 878 F.2d 846, 848-49 (5th Cir. 1989).

No. 18-20522

Carter further contends that Officer Galeas and Lieutenant Brown conspired to convict him of false charges. However, his conclusory allegations do not state a cognizable conspiracy claim. *See Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Carter also argues that the defendants sought to satisfy a quota system. But he did not present this argument to the district court and cannot raise it for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). In any event, Carter has not identified a policy or custom or alleged how any such policy or custom allowed or encouraged a constitutional violation. *See Oliver v. Scott*, 276 F.3d 736, 742-43 (5th Cir. 2002).

Carter also alleges that Warden Gordy did not properly review the procedures used at the disciplinary hearing or the propriety of the conviction. However, because Carter has no constitutional right to have his claims decided in his favor or reviewed pursuant to a process that is responsive to his alleged wrongs, he has not raised a claim under § 1983. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Carter has not asserted any claim as to Grievance Officer Barnett and, accordingly, has waived any appellate argument. *See Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

To the extent that Carter seeks to argue that he was falsely charged and convicted because he is Muslim, he has failed to assert a violation of the Equal Protection Clause. He has not identified any similarly situated prisoners who were treated differently or identified facts reflecting that the defendants were intentionally discriminatory. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

No. 18-20522

The district court's dismissal of Carter's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Carter is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.