IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20074
Conference Calendar
_____

WALTER WATSON,

                                        Plaintiff-Appellant,

versus

MS. BERYL BISHOP; ROBERT YOUNG; ROBERT BORSKI,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3837
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Walter Watson, Texas state prisoner # 508076, appeals from the district court's amended judgment, dismissing for failure to state a claim pursuant to 28 U.S.C. § 1915A, his civil rights complaint and from the district court's denial of FED. R. CIV. P. 60(b) relief.  The standard of review of dismissals under 28 U.S.C. § 1915A is de novo.  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).  This court reviews the denial of a FED. R. CIV.

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

P. 60(b) motion for an abuse of discretion.  See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

The alleged violation of prison policies, such as the alleged failure to issue a certificate of completion to Watson following a six-month period during which he worked as a welder in an on-the-job training program at the prison, does not, of itself, give rise to a constitutional violation.  See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure to follow prison regulations and rules does not rise to the level of a constitutional violation).  Watson's allegation that he lost an opportunity to receive bonus good-time credits because he was not issued the certificate does not set forth a deprivation of a constitutional right.  See Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000) ("the timing of Malchi's [mandatory] release is too speculative to afford him a constitutionally cognizable claim" to earn credits at a particular rate); see also Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  The district court's error, if any, in dismissing Watson's complaint without giving Watson notice and an opportunity to amend the complaint was harmless.  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998); Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999).

AFFIRMED.