**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 21, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 03-20515
Conference Calendar

—————————

PETE VARDAS, JR.,

                                        Plaintiff-Appellant,

versus

A.M. (MAC) STRINGFELLOW, Chairman
Texas Board of Criminal Justice; TEXAS BOARD
OF PARDONS & PAROLES; GARY L. JOHNSON,
Executive Director, Texas Department
of Criminal Justice,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-29
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

    Pete Vardas, Jr., Texas prisoner #486166, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights

lawsuit for failure to state a claim, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).  The district court's dismissal is reviewed

de novo.  Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Vardas renews his challenge to the reduced time-earning classification he received as a penalty for a prison disciplinary conviction and contends that the district court's dismissal under Heck v. Humphrey, 512 U.S. 477 (1994), was error because he is not attacking his conviction or sentence but the unconstitutional denial of parole and the way his sentence is being calculated. Vardas' challenge to his reduced time-earning classification implicates the validity of his disciplinary conviction, and, because he has not shown that the proceedings have been overturned or invalidated, it is barred by Heck. 512 U.S. at 486-87; cf. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Even if it is assumed that the Heck bar did not apply, dismissal of the suit was proper because Vardas has failed to state a constitutional claim as he has no liberty interest in his time-earning classification or in parole. See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994); see also Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Consequently, his due-process claims fail.

Vardas' appeal is wholly without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Both the district court's dismissal of his complaint and this court's dismissal of the instant appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir.

1996).  Vardas has also acquired at least two other strikes. See <u>Vardas v. Texas Dep't Crim. Justice</u>, No. 95-40059 (5th Cir. June 30, 1995) (unpublished); <u>see</u> <u>also</u> <u>Vardas v. City of Dallas, Texas</u>, No. 02-10616 (5th Cir. Nov. 21, 2002) (unpublished). Because Vardas has now accumulated more than three strikes, he is BARRED from proceeding <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.