IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-50072
_____

KENNETH C. BILISKI,

                     Plaintiff-Appellant,

v.

MELVIN HARBORTH, Sheriff, Guadalupe
County and JAMES A. COLLINS, Director
TDC.,

                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA 93 CA 748)
_____
May 9, 1995

Before KING and JONES, Circuit Judges, and LAKE[*], District Judge.

PER CURIAM:[**]

        Kenneth Bilski[1] appeals the dismissal of his complaint against

_____

        [*] District Judge of the Southern District of Texas, sitting
by designation.

        [**]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

        [1]    The district court docket sheet, the cover sheet for
the appellate brief and the orders entered by the court spell the
appellant's name as Biliski.  However, on all of the documents
signed by the appellant, his name is spelled Bilski, and we have

Melvin Harborth, the Sheriff of Guadalupe County, and James A. Collins, Director of the Texas Department of Criminal Justice (TDCJ), under 42 U.S.C. § 1983, alleging that he has been improperly housed at the Guadalupe County jail instead of within the TDCJ. The Sheriff filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that no relief could be granted as a matter of law because Bilski is not entitled to a transfer and because the Sheriff is entitled to immunity. Collins moved for dismissal of the complaint under both Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(d). A magistrate judge entered a memorandum and recommendation that the complaint be dismissed as frivolous under § 1915(d). The district court accepted the recommendation of the magistrate judge and dismissed without prejudice Bilski's complaint as frivolous under § 1915(d). The district court also denied Bilski's motion to proceed in forma pauperis on appeal. Bilski appealed the district court's denial of IFP, and this court ruled that Bilski satisfied the economic criteria and had demonstrated that he may present a non-frivolous issue on appeal.

A complaint is frivolous if it lacks an arguable basis in law or in fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994) (citing Denton v. Hernandez, 112 S. Ct. 1728, 1733-34 (1992)). This court reviews a § 1915(d) dismissal under the abuse of discretion standard. Denton, 112 S. Ct. at 1734.

Insofar as Bilski sought injunctive relief compelling his transfer from the Guadalupe County Jail to the TDCJ, his claim has

elected to use that spelling in the body of this opinion.

been mooted by his subsequent transfer to the TDCJ. Insofar as he seeks damages for the fact that his confinement in the Guadalupe County Jail was more disagreeable than it would have been had he been transferred immediately after his conviction to the TDCJ, his claim is frivolous. In order to obtain relief under § 1983, a plaintiff must prove that he was deprived of a Constitutional right or federal statutory right and that the persons depriving him of that right acted under color of law. Hernandez v. Maxwell, 905 F.2d 94, 95 (5th Cir. 1990). "[I]n the absence of an appropriate state regulation a prisoner has no liberty interest in residence in one prison or another." Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989). "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Id. We have examined the applicable state law and his sentence and commitment order, and we are not persuaded that Bilski has demonstrated a liberty interest created by state law proscribing his temporary confinement in the Guadalupe County Jail. The district court did not abuse its discretion by dismissing this claim as frivolous.

Bilski also asserted, at least arguably, a claim under the Equal Protection Clause to an immediate transfer to the TDCJ and, relatedly, for damages. In order to establish such a claim, Bilski must show, inter alia, discrimination among persons similarly situated. Bilski does not complain that he was treated any differently than other transfer ready prisoners in the Guadalupe

County Jail. Instead, he focuses on the difference between the treatment of transfer ready prisoners in the Guadalupe County Jail and the treatment of inmates in the TDCJ. We agree with the Court of Appeals for the Fourth Circuit that the Equal Protection Clause is not implicated simply because county authorities treat their transfer ready prisoners differently than the TDCJ treats its inmates. See Strickler v. Waters, 989 F.2d 1375, 1389 (4th Cir.), cert. denied, 114 S. Ct. 393 (1993) ("[A]bsent a right to have been housed in a state facility during the time he was confined at [a local jail] . . . [Plaintiff] was not similarly situated for equal protection purposes with state prisoners in state facilities . . . ."); Kersh v. Bounds, 501 F.2d 585, 588 (4th Cir. 1974) ("[S]ince the county prisoners are treated alike and the Department prisoners are treated alike, . . . there is no equal protection violation."), cert. denied, 420 U.S. 925 (1975).

Bilski's argument that he has been denied the ability to earn good time credits was not set forth in his complaint. In any event, constituting (as it does) a challenge to the length of his confinement, it would not be cognizable under § 1983. Finally, Bilski's claim that jail officials interfered with his right of access to the courts or his First Amendment rights by destroying or denying his mail and his claims regarding medical and dental care were also not included in his complaint. In any event, they fail either because they were conclusory (the claims regarding medical and dental care) or because Bilski did not assert how he had been prejudiced (his claims regarding denial of access to the courts and his First Amendment rights).

The judgment of the District Court is AFFIRMED.