# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-20400
Summary Calendar

_____

EARL B. BURGESS,

Plaintiff - Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; S. O.
WOODS; ROBERT L. MARTIN; JOHN DOE; VIRGIL PRATT;
LLOYD WILSON; TONY ALLEN; D. HEVERLY; JAMES L.
STEWART; R. E. HONSTED; E. J. BRENNAN; CHARLES
TURNBO; P. AUBREY; E. F. MAURO; R. E. MILTON; MARK
GIVENS; K. W. READ; H. HENDERSON; EVA PERRY; J. S.
BOYD; BILL SMITH; R. V. VEACH; J. ZABEL,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-2141)

_____

January 20, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Earl B. Burgess, Texas prisoner # 270704, sued various prison officials (the "officials"),

claiming that they conspired to violate his civil rights and retaliate against him for serving as a

witness in an earlier unrelated prisoner class action. The district court dismissed his complaint as

frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i) and he now appeals.[1]

---

[*] Pursuant to 5ᵗʰ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵗʰ Cɪʀ. R. 47.5.4.

[1] Burgess raised several claims in his complaint, which he abandoned by not renewing or briefing on appeal. *See United States v. Cyprian*, — F.3d —, 1999 WL 1095487, at *5 (5ᵗʰ Cir.

A complaint from someone proceeding *in forma pauperis* may be dismissed as frivolous "if it lacks an arguable basis in law or fact." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). We review such dismissals for abuse of discretion. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Burgess's due process claim lacks an arguable basis in law, because the complaint "alleges the violation of a legal interest which clearly does not exist." *Harper*, 174 F.3d at 718. A prisoner does not have a general liberty interest to be free from prison transfers, *see Biliski v. Harborth*, 55 F.3d 160, 161 (5th Cir. 1995), or placement in administrative segregation, *see Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), and Burgess has not identified any state law which gave him such an interest here, *cf. Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.") (citations omitted).

Burgess's retaliation claim lacks an arguable basis in fact. Burgess did not allege facts showing causation or a retaliatory motive. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (listing the elements of a retaliation claim). Instead he only cursorily stated that he was a witness in an earlier prisoner class action and recited a series of instances when he was transferred between prisons, placed in administrative segregation, medically misclassified, and denied promotion in his "trusty earning class."

Additionally, dismissal without allowing Burgess to plead supplemental facts in support of his retaliation claim was proper. When "it appear[s] that insufficient factual allegations might be remedied by more specific pleading, we must consider whether the district court abused its discretion by dismissing the complaint either with prejudice or without any effort to amend." *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *see also Talib*, 138 F.3d at 213 ("A complaint lacks an arguable basis

---

Dec. 3, 1999). Additionally, he raised a new Eighth Amendment claim on appeal that does not appear in his complaint and is therefore not properly before us.

in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."). Outright dismissal for factual frivolity is appropriate "when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Harris v. Hegmann*, — F.3d —, 1999 WL 1128248, at \*3 (5th Cir. Dec. 8, 1999) (quotations omitted); *cf. Eason*, 14 F.3d at 9-10 (vacating a dismissal where the prisoner's factual claims were not "pure fantasy" and where "[w]ith further factual development and specificity these allegations may pass section [1915(e)] muster."). This is the case here, given the attenuated nature of Burgess's claim: seven years passed between when the conspiracy purportedly began and when the first retaliatory act was taken, an implausibly-large number of state and federal officials were involved in the conspiracy, a relatively small number of non-severe retaliatory acts were taken in furtherance of the conspiracy, reasons were offered for several of the acts which appear plausible and which Burgess does not dispute, and these acts were spread out across at least a seven-year period.

AFFIRMED.