[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 99-1496

ROBERT M. JOOST,

Plaintiff, Appellant,

v.

CORNELL CORRECTION, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Chief Judge,
Stahl and Lipez, Circuit Judges.

Robert M. Joost on brief pro se.
Michael C. Donahue, M. Christine Breslin and Gelerman,
Cashman & Donahue on brief for appellees.

May 9, 2000

**Per Curiam**.  In 1996, in order to attend his new trial on a criminal count that had been vacated on appeal, plaintiff Robert Joost was transferred from a federal prison in Pennsylvania to the Wyatt Detention Facility (Wyatt) in Rhode Island.  He was at that time already serving a lengthy sentence on a related count of conviction.  Less than five months later, after again being convicted and sentenced on the vacated count, he was returned to Pennsylvania.  In this Bivens action for damages, plaintiff alleges that various conditions at Wyatt violated his constitutional rights and contravened Bureau of Prison (BOP) regulations.  The district court, adopting, as amended, the report and recommendation of a magistrate judge, dismissed for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).  We affirm substantially for the reasons enumerated below, adding only the following comments.

1.  Wyatt is a municipally owned, privately operated facility that houses federal prisoners, among others, pursuant to a contract with the United States Marshals Service.  Whether the BOP regulations apply to such a facility--an issue over which the magistrate judge and district judge divided--need not be resolved here.

-2-

Plaintiff's claims prove to be deficient even if we assume, without deciding, that the regulations do apply.

2. We endorse the determination made below that, for purposes of the instant case, plaintiff should be deemed a convicted prisoner rather than a pretrial detainee. Indeed, the very regulations relied on by plaintiff so specify. See 28 C.F.R. § 551.101(a)(3).

3. In his Eighth Amendment claims, plaintiff alleges that four separate conditions at Wyatt constituted cruel and unusual punishment: his inability to properly exercise; his confinement in an overcrowded two-person cell; his occasional confinement in a holding area; and his exposure to loud noise. In each instance, we agree that plaintiff has failed to satisfy the objective component of the Eighth Amendment test--i.e., to "show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994); see, e.g., Giroux v. Somerset County, 178 F.3d 28, 32 (1st Cir. 1999).

The latter three claims require little comment. Plaintiff has admitted that the noise quieted down by 11:00 at night. His confinement in the holding cell entailed nothing more than "routine discomfort." Hudson v.

-3-

McMillian, 503 U.S. 1, 9 (1992). And he has not contended that the double celling or other incidents of overcrowding led to "deprivations of essential food, medical care, or sanitation," increased "violence among inmates," or created "other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981).

His complaint about lack of exercise comes closest to stating a claim. See, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) ("Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened."). Yet that complaint is vague and qualified; he alleges only that he was "denied any opportunity to properly exercise" and that he thereby incurred an unspecified shoulder injury. Moreover, it is undisputed that plaintiff could leave his cell for six hours per day. He acknowledges that a "recreation place" and a (cramped) weight room were available. And the docket sheet from his retrial reveals that he attended court sessions on at least nine occasions. Considering the relative brevity of plaintiff's 140-day stay at Wyatt, we agree as a matter of law that this claim is not "sufficiently serious" to make

out an Eighth Amendment violation. <u>Wilson</u> v. <u>Seiter</u>, 501 U.S. 294, 298 (1991).

4. Plaintiff's due process claims involve a separate trio of conditions: the denial of contact visits; an 18-hour lockdown policy; and a telephone system that permitted only collect calls to be made at exorbitant rates. Plaintiff contends that each of these conditions contravened BOP regulations. In the latter two cases, he is clearly mistaken. And in the case of contact visits, such an argument draws a modicum of support only from a provision to which he has not referred (28 C.F.R. § 540.51(g)(2)). Regardless, where all Wyatt inmates have been denied contact visits, that deprivation cannot be deemed an "atypical and significant hardship ... in relation to the ordinary incidents of prison life" so as to implicate a constitutionally protected liberty interest. <u>Sandin</u> v. <u>Conner</u>, 515 U.S. 472, 484 (1995). The same conclusion applies to the lockdown, to which at least half of Wyatt's inmates were subjected; plaintiff's analogy to administrative segregation is unpersuasive.

In turn, the contention that plaintiff had a property interest in reasonable phone rates is unsupported. The settlement agreement reached in an unrelated case,

-5-

involving a type of phone system not in place at Wyatt, avails him little. And to the extent plaintiff's complaint can be construed as a demand for injunctive relief in this regard, that request is now moot.

5. Plaintiff's final series of claims, alleging violations of equal protection, involve this same trio of conditions. The magistrate judge accurately described "the gravamen" of these claims as alleging "that [plaintiff] and other prisoners housed at Wyatt enjoy[ed] fewer privileges than those enjoyed by prisoners incarcerated in most prisons operated by the Bureau of Prisons." That argument was properly dismissed. See, e.g., Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting equal protection claim where plaintiff sought to compare conditions at different prisons).

Before the district judge, and again on appeal, plaintiff has insisted that the magistrate judge "misinterpreted" his claims and that he was mainly complaining about differential treatment among separate groups of Wyatt inmates. To the contrary, his earlier pleadings contained no such argument; instead, they demanded that plaintiff be treated the same as the other "100,000-plus federal prisoners." This complaint about different

conditions within Wyatt itself thus constitutes a new argument that, not having been presented to the magistrate judge, has been waived.  See, e.g., Maine Green Party v. Maine Secretary Of State, 173 F.3d 1, 4-5 (1st Cir. 1999); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").  At least from the record before us, we add that the argument appears of dubious merit in any event.

Affirmed.