**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 12, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10933
Summary Calendar

LARRY RAY TAYLOR,

                                        Plaintiff-Appellant,

versus

JANIE COCKRELL; JOSEPH DOMINQUEZ, Warden;
GREGORY OLIVER, Warden; JASPER MAXEY; RONNY TUCKER;
DENNIS MARGRAFF; JOHN SOLIS; KELLI WARD; GEORGINA
CLOWER; ROBERT COFFEY; MICHAEL SAVERS; THOMAS
MEDART; GARY MESSER; PATRICE MAXEY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-248
- - - - - - - - - -

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Larry Ray Taylor, a Texas prisoner (# 888263), appeals from
the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C. § 1983
civil rights complaint as frivolous and for failure to state a
claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  In his
original complaint, Taylor asserted that he had argued with a
fellow inmate, that he had told some of the defendants that the
inmate had threatened him, that the defendants did nothing, and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the inmate subsequently attacked him. In response to an order from the magistrate judge, Taylor filed an amended complaint in which he added claims that defendant grievance officers had failed to investigate his grievances regarding this matter, and he appeared to allege that some of the defendants had retaliated against him. He did not, however, replead the claims he had raised in his original complaint or attempt to reincorporate those claims by reference. In its dismissal order, the district court refused to consider the claims that Taylor had made in his original complaint.

In a rambling and largely incoherent pro se appellate brief, Taylor argues at length that the district court abused its discretion by ordering him to amend his complaint without clearly informing him that he would forfeit the claims made in his original complaint if he did not replead those claims or incorporate them by reference.

Even if the district court abused its discretion by failing to consider those claims, the court did not abuse its discretion in dismissing the complaint as frivolous. As in district court, Taylor asserts his substantive claims in only a vague and conclusory manner. Although pro se complaints and arguments must be liberally construed, see Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), a plaintiff in a 42 U.S.C. § 1983 action must plead specific facts, not "conclusory allegations." See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989). Taylor's allegations have been

and remain insufficient to establish that defendant officials were aware of facts from which an inference could be drawn that he faced a "substantial risk of serious harm" from his fellow inmate. See Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998); Farmer v. Brennan, 511 U.S. 825, 837 (1994). He has not pleaded facts showing a "chronology of events" sufficient to establish retaliatory motive. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Finally, Taylor's claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim. Sandin v. Conner, 515 U.S. 472, 485-86 (1995); see Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Taylor's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the appeal is DISMISSED. 5TH CIR. R. 42.2. The dismissal of his complaint as frivolous and the dismissal of this appeal as frivolous each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Taylor that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Taylor's motion for injunctive relief, for an order that he be transferred to another correctional facility, and to supplement the record on appeal is DENIED.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION DENIED.