Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-10-00410-CV

Calixto **LEIJA**,
Appellant

v.

**LAREDO COMMUNITY COLLEGE**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2008-CVQ-001592-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:  Phylis J. Speedlin, Justice

Sitting:  Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  April 20, 2011

AFFIRMED

In this employment discrimination case, Calixto Leija challenges the summary judgment granted in favor of his former employer, Laredo Community College.  We affirm the judgment of the trial court.

### BACKGROUND

Leija began working as a groundskeeper for Laredo Community College ("the College") in 1982 and was promoted to the position of Grounds Foreman in 1991.  In 2006, Leija applied

for the position of Grounds Manager.  At about the same time, Jacob Flores, the Director of the Physical Plant, asked Leija what religion he practiced.  Leija responded that he was Catholic, to which Flores replied, "you Catholics are a bunch of liars!"  Flores, a fundamentalist Christian, continued to make pejorative remarks in regard to Leija's religion.

Shortly thereafter, Leija was notified that he was not selected for the Grounds Manager position.  Based on his twenty-five years of service, Leija believed he was the most qualified applicant for the position, and felt he was not selected for the position due to Flores' animus against him due to his religion.  Instead, the position was awarded to Rolando Martinez.[1]  After learning that he did not receive the promotion, and tired of Flores' anti-Catholic remarks, Leija filed a grievance against Flores for discrimination and favoritism on November 20, 2006.

According to Leija, the grievance filing started a campaign of retaliatory conduct by Flores.  Leija's grounds crew was reduced to only one member, while other crews were provided with at least three members to conduct the same amount of work.  Under Flores' direction, other co-workers pressured Leija.  Flores asked Martinez to scrutinize Leija's work, and Daniel Castillo, a fellow Grounds Foreman, was ordered to provoke Leija.  At a College Board Meeting in June 2007, Leija and Castillo got into a heated debate and had to be separated after Leija was physically attacked by Castillo.  As a result, Leija applied for and was issued a peace bond against Castillo.  In an effort to separate the two workers, the College divided the campus between Leija's grounds crew and Castillo's grounds crew.  Leija was given a map of the campus and advised where his area of work would be; he was also provided a revised work

---

[1] At the College, the Grounds Foreman answers to the Grounds Manager, a position Rolando Martinez held from October 2006 until Leija was fired.  The Grounds Manager answers to both the Director of the Physical Plant, a position held by Jacob Flores, and the Assistant Director of the Physical Plant, a position held by Rodolfo Trevino since September 2007.

schedule as well as Castillo's schedule so that they would not be clocking-in at the Physical Plant Office at the same time.

On November 7, 2007, Leija and Castillo were involved in another incident. Leija apparently confronted Castillo while in his work area. This led to two meetings on December 6, 2007—one between Flores, Trevino, Martinez, and Castillo, during which Castillo received a written reprimand and warning, and one between Flores, Trevino, Martinez, and Leija. During this meeting, Leija raised his voice at his superiors, refused to listen to Flores as Flores read the reprimand, and then stormed out of the office without accepting a copy of the memorandum. As Leija left the office, all three men heard him call Flores a "pendejo," a pejorative Spanish term. Flores, Trevino, and Martinez called campus police and provided statements regarding the day's incident. The next day, the College terminated Leija's employment for insubordination.

After he was fired, Leija filed suit against the College alleging employment discrimination and violations of his constitutional right of freedom of worship and of 42 U.S.C. § 1983 (2000). The College filed a traditional and no-evidence motion for summary judgment, arguing that there was no evidence to support Leija's § 1983 claim, and that Flores failed to establish a prima facie case of discrimination, and that even if he did, there was a legitimate, non-discriminatory reason for Leija's discharge. Leija filed a response. The trial court granted the motion for summary judgment and rendered a take-nothing judgment in favor of the College. Leija now appeals.

### STANDARD OF REVIEW

We review both a no-evidence and a traditional motion for summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004); *O'Donnell v. Smith*, 234 S.W.3d 135, 140 (Tex. App.—San Antonio 2007), *aff'd*, 288 S.W.3d 417 (Tex.

2009). We will uphold a traditional summary judgment only if the movant has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law on a ground expressly set forth in the motion. TEX. R. CIV. P. 166a(c); *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether the summary judgment record establishes the absence of a disputed material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference in favor of the non-movant. *Nixon*, 690 S.W.2d at 548-49.

When reviewing a no-evidence motion for summary judgment, we review the evidence in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.) (citing *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied)). If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment cannot properly be granted. *Reynosa*, 21 S.W.3d at 512. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions," while less than a scintilla exists when the evidence is "so weak as to do no more than create mere surmise or suspicion." *Id.* (internal citations omitted).

When summary judgment is sought on multiple grounds and the trial court's order does not indicate the basis for its ruling, we will affirm the summary judgment if any theory advanced by the movant is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.).

**DISCUSSION**

On appeal, Leija asserts the trial court erred in granting summary judgment because genuine issues of material fact existed on all elements of his causes of action and the trial court drew all inferences in favor of the College.

### A. *No-Evidence Summary Judgment Motion as to Leija's 42 U.S.C. § 1983 Claim*

Generally, to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the violation of a right secured by the U.S. Constitution and laws of the United States committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). To establish liability under § 1983, a plaintiff must demonstrate that the enforcement of an official policy or custom was the moving force behind the alleged illegal or unconstitutional action depriving the plaintiff of constitutional or federal rights. *Williams v. Kaufman County*, 352 F.3d 994, 1013-14 (5th Cir. 2003). An official policy or custom is: (1) "[a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority", or (2) "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy" about which such officers of the governing body have actual or constructive knowledge. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). There is no vicarious liability against a governmental entity for the actions of its employee unless there is a showing of a policy or custom approved by the entity. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

Here, the College moved for summary judgment arguing Leija had no evidence to show the College deprived him of a right under the U.S. Constitution or the laws of the United States because he had no evidence that the College employed a "policy" and/or "custom" of religious discrimination and harassment. Thus, in order to establish liability on the part of the College for violation of his freedom of worship, Leija was required to present more than a scintilla of evidence that the discriminatory actions of a College employee were representative of an official policy or custom of the College or were made by an official with final policy-making authority. *Id*. He failed to do so. The summary judgment record confirms Leija produced no evidence in response to the motion for summary judgment of the existence of any official policy or custom of forbidding, prohibiting, or otherwise restraining the freedom of worship. Instead, Leija relied entirely on the individual actions of Flores, an employee who was not a College official with final policy-making authority. Accordingly, Leija's claims under § 1983 as to the College were properly dismissed on summary judgment.

## B. *Summary Judgment Motion as to Leija's Claims of Religious Discrimination, Harassment, and Retaliation*

In an employment discrimination case, we employ the burden-shifting analysis affirmed by the United States Supreme Court. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Quantum Chem. Corp v. Toennies*, 47 S.W.3d 473, 479 (Tex. 2001); *Romo v. Tex. Dept. of Transp.*, 48 S.W.3d 265, 270 (Tex. App.—San Antonio 2001, no pet.). A Texas employment discrimination plaintiff has the initial burden to come forward with a prima facie case of discrimination. *Reeves*, 530 U.S at 142. If a prima facie case is established, the plaintiff is entitled to a

presumption of discrimination.[2] *Id.* The burden then shifts to the defendant/employer to articulate—but not prove—a legitimate, non-discriminatory reason for the adverse employment action. *Id.* "[S]ubjective beliefs of discrimination *alone* are insufficient to establish a *prima facie* case." *Romo*, 48 S.W.3d at 270 (quoting *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 251 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

Once the employer has articulated a legitimate, non-discriminatory reason for its actions, any presumption of discrimination disappears and the burden shifts back to the plaintiff to prove the employer's articulated reasons are merely a pretext for discrimination. *Reeves*, 530 U.S. at 143. "Even though the burden of production shifts, the burden of persuasion remains continuously with the plaintiff." *Romo*, 48 S.W.3d at 270. It is not sufficient merely to show the employer's proffered reasons are false or not credible; the plaintiff must also show the unfair treatment was motivated by intent to discriminate. *Reeves*, 530 U.S. at 146-47; *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 370 (5th Cir. 1997). In some cases, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148. However, "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, non-discriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Id.*

The College moved for summary judgment on the grounds that 1) Leija could not establish a prima facie case for religious discrimination, harassment, or retaliation, and 2) Leija

---

[2] In the summary judgment context, a plaintiff need not prove pretext, but merely establish a genuine issue of material fact on the issue to avoid judgment as a matter of law. *Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 438 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

could not raise a genuine issue of material fact to contradict the College's non-discriminatory reason for terminating Leija's employment. Assuming, without deciding, that Leija's evidence establishes a prima facie case for discrimination, harassment, and retaliation, the College articulated a legitimate, non-discriminatory reason for the termination of Leija's employment, i.e., that Leija was fired due to insubordination for calling his superior a "pendejo" during the December 6, 2007 meeting.

Once the employer has proffered a non-discriminatory reason for the adverse employment action, the employee has the burden to prove that the employer's articulated reasons are merely a pretext for discrimination. *Reeves*, 530 U.S. at 143. A plaintiff can prove the employer's articulated reasons are pretext "in two ways, 'either (1) directly by persuading the court that a discriminatory reason more likely motivated the employer or (2) indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 813 (5th Cir. 1991) (quoting *Tex. Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). In the summary judgment context, however, the plaintiff need not prove pretext but merely establish a genuine issue of material fact on the matter. *See Amburgey*, 936 F.2d at 813. "Summary judgment will be improper if the plaintiff makes a prima facie case and produces sufficient evidence for a jury to *disbelieve* the employer's stated reason for discharge." *Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 438-39 (Tex. App.—Houston [14th Dist.] 2002, pet denied) (citing *Reeves*, 530 U.S. at 146-48).

In his response to the motion for summary judgment, Leija maintains that being fired for insubordination is pretextual and that "[u]p and until the point [he] was terminated several prior acts and incidents occurred." In support, Leija generally points to his 173-page deposition, but does not cite a page number or specify what acts and incidents occurred. When a summary

judgment respondent fails to direct the reviewing court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment. *See Arredondo v. Rodriguez*, 198 S.W.3d 236, 238-39 (Tex. App.—San Antonio 2006, no pet.) (holding neither appellate court nor trial court is required to wade through a voluminous record to locate summary judgment respondent's proof, and that attaching entire documents and depositions to a motion for summary judgment or to a response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the motion or response are raised). Accordingly, we cannot conclude Leija raised a fact issue as to whether the College was more likely motivated by a discriminatory reason in discharging him, nor did Leija present evidence to show that the College's proffered explanation was unworthy of credence. In his deposition, Leija himself acknowledged that calling his superior a "pendejo" is grounds for termination.

Although Leija testified he believed his employment was terminated due to his religious beliefs and for filing a grievance against Flores, we conclude that Leija did not meet his burden to produce evidence raising a fact issue as to whether the ground for which he was terminated was pretextual of discrimination. Accordingly, the summary judgment was properly granted on Leija's claims for discrimination, harassment, and retaliation.

We overrule Leija's issues on appeal, and affirm the judgment of the trial court.


Phylis J. Speedlin, Justice