IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40702
Summary Calendar
_____

RICHARD C. MORROW,

Plaintiff-Appellant,

versus

J. COLLINS, Exec. Dir.; W. SCOTT,
95-Director; L. WOODS, Warden; ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-36
- - - - - - - - - -
March 15, 1996

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Richard C. Morrow appeals the dismissal of his civil rights suit for frivolousness. Because Morrow fails to raise a due process argument concerning the October 1994 and February 1995 disciplinary proceedings, any such argument is deemed abandoned on appeal. See Eason v. Thaler, 14 F.3d 8, 9 n.1 (5th Cir. 1994).

Morrow argues that the TDCJ rules, by their wording, created a constitutionally protected liberty interest for a prisoner to

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

be free from the arbitrary practices associated with the progressive release schedule and Morrow's placement on extended lockdown or administrative segregation for 60 days, without known cause, beginning December 2, 1994. "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Because Morrow's complaint lacked an arguable basis in law, the district court did not abuse its discretion in dismissing the suit as frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Morrow's contention concerning the lack of a Spears[2] hearing is equally without merit. Given that Morrow provided sufficient factual detail in his complaint and had opportunity to respond to the motion for dismissal, a Spears hearing, which is in the nature of a motion for a more definite statement, see Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991), was not necessary.

AFFIRMED.

---

[2]  Spears v. McCotter, 766 F.2d 179 (1985).