United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-20188
Summary Calendar

———————————

RICARDO MIRELES RODRIGUEZ,

                                        Plaintiff-Appellant,

versus

LARRY LAFLORE; TIM MORGAN; A. MCCOMB; D. ESQUIVEL;
ANA COOK,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:06-CV-104)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Ricardo Mireles Rodriguez, Texas prisoner
# 1289087, appeals the district court's dismissal of his 42 U.S.C.
§ 1983 suit as frivolous and for failure to state a claim pursuant
to 28 U.S.C. § 1915(e). His § 1983 suit claimed that his placement
in administrative segregation for being a member of a Security
Threat Group (STG) violated his due process rights.

    Rodriguez argues that his placement in administrative
segregation violated his due process rights and that his placement

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in administrative segregation has caused him to lose good-time credits. We do not consider his claims raised for the first time on appeal that his due process rights were violated because he is denied educational opportunities while in administrative segregation and that his placement in administrative segregation violated his equal protection rights. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). Moreover, Rodriguez's argument that the district court's dismissal of his suit did not follow proper summary judgment procedures is without merit as there was not a summary judgment motion before the district court when it issued its ruling.

We review the district court's dismissal of Rodriguez's suit de novo. See Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Rodriguez's placement in administrative segregation after an initial custody classification does not implicate a liberty interest. See Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Even if Rodriguez's confinement in administrative segregation did implicate a liberty interest, however, he has not demonstrated that he was not afforded the process he was due under the Constitution. See Sandin v. Connor, 515 U.S. 472, 478, 483-84 (1995); Hewitt v. Helms, 459 U.S. 460, 472 (1983). In fact, Rodriguez concedes that, in response to his prison grievances, he was told that an investigation into his

2

custodial classification was conducted and that he was interviewed in connection with the issue of his custodial classification.

The fact that Rodriguez disagrees with his custodial classification does not state a constitutional claim. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). In addition, the loss of the opportunity to earn good-time credits does not constitute a constitutionally cognizable injury. See Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000); Luken, 71 F.3d at 193. Accordingly, the district court did not err in dismissing Rodriguez's § 1983 suit.

Rodriguez's motions for leave to supplement the record and for appointment of counsel are denied. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999); Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982). Rodriguez's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Rodriguez is warned that the dismissal of this appeal as frivolous and the district court's dismissal of his § 1983 suit each count as strikes for purposes of 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.

3