# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2007**

Charles R. Fulbruge III
Clerk

No. 05-11207
Summary Calendar

ISAAC D WHEELER

Plaintiff-Appellant

v.

PhD T PENLAND, Staff Psychologist; C COOK; MAJOR FNU OLIVER;
KELLI WARD; JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; K SIMMONS,
Grievance Investigator; K WENGLAR, ACP II Psychologist; K ELLIS,
Sergeant

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CV-63

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Isaac D. Wheeler, Texas prisoner # 731348, appeals the district court's

dismissal of his 42 U.S.C. § 1983 civil rights action against various Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department of Criminal Justice officers and medical personnel as frivolous under 28 U.S.C. § 1915A.

Wheeler argues on appeal that the defendants were deliberately indifferent to his need for psychiatric care concerning his uncontrollable thoughts of escape. However, Wheeler has not shown that "the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Wheeler does not, as he did in the district court, make any specific claims concerning any officials acting in their supervisory capacity or any deliberate indifference claims concerning his placement in the hoe squad. Because he has not briefed these claims, they are waived. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5thCir. 1987).

Wheeler also argues that his First Amendment rights were violated when he was prevented from using a telephone to call his family for one year. However, because Wheeler has not alleged any physical injury, nor has he requested declaratory or injunctive relief concerning this claim, it is not cognizable under § 1983. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005).

Wheeler contends that his due process rights were violated at a disciplinary hearing because (1) his mental health concerns, including his concerns under the Americans with Disabilities Act, were not taken into account; (2) he was not given notice that an I-60 such as the one he submitted would result in disciplinary action; and (3) there was insufficient evidence to support his conviction. Wheeler argues that the district court erred in determining that his claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because he was sentenced under TEX. GOV'T CODE § 508.149 and thus could not recover good-time credits. Regardless whether Wheeler's claims were barred

under Heck, the district court did not err in dismissing his claims because he did not have a liberty interest in any of the rights of which he was deprived at the hearing. See Malchi v. Thaler, 211 F.3d 953, 958-59 (5th Cir. 2000) (holding that 30-day loss of cell and commissary privileges does not implicate due process concerns); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999); Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) .

Wheeler's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we dismiss his appeal as frivolous. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Wheeler's complaint as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Wheeler is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.