# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40696
Conference Calendar

ANTONIO DUDLEY

Plaintiff-Appellant

v.

WESLEY W PRATT, Assistant Warden; WILLIAM D JOCK, Disc Officer Captain; JAMES C MARSDEN, Officer Sergeant

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-17

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Antonio Dudley, Texas prisoner # 567960, filed a civil rights complaint alleging due process violations during a prison disciplinary proceeding. Dudley appeals the district court's dismissal of his complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

We review the dismissal of Dudley's complaint de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Dudley's punishment was limited to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

15 days in solitary confinement, a loss of 45 days of prison privileges, a reduction in classification, and a reduction to G-5 close custody status. Such punishments do not give rise to a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). The loss of the opportunity to earn good-time credits does not give rise to a due process claim. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. *Madison*, 104 F.3d at 768; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Dudley's request that we remand the case to the district court for an evidentiary hearing is DENIED.

We will not address Dudley's claim, raised for the first time on appeal, that officers failed to protect him from harm from other inmates in violation of the Eighth Amendment. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Dudley's appeal lacks arguable merit. *See Howard v. King,* 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, we dismiss it as frivolous. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the dismissal by the district court of Dudley's suit both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Dudley is cautioned that he has now accumulated two strikes and that, if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.