# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2013

Lyle W. Cayce
Clerk

No. 13-30348
Summary Calendar

WILLIAM C. OSER,

Plaintiff-Appellant

v.

UNITED STATES PENITENTIARY POLLOCK; CAPTAIN CARTRETTE; WARDEN MARTINEZ,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-703

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

William C. Oser, federal prisoner # 22504-045, appeals from the dismissal for failure to state a claim of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. He contends that his placement in administrative segregation at the United States Penitentiary (USP) in Pollock Louisiana, and his placement in Special Housing Units (SHU) and a Special Management Unit (SMU) at the USP in Lewisburg, Pennsylvania, violated the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Due Process Clause.    He does not argue on appeal the district court's determination that his challenge to a portion of his placement in administrative segregation as punishment for a disciplinary infraction was barred pursuant to *Edwards v. Balisok,* 520 U.S. 641 (1997).   He has therefore failed to brief that issue for appeal.   *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

We review dismissals for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A de novo, applying the same standard used in reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Oser has not alleged facts indicating that his placement in any SHU or SMU after the expiration of his disciplinary sentence imposed any atypical or significant hardship in relation to the ordinary incidents of prison life.   He therefore failed to state a claim, and the district court did not err by dismissing the complaint for failure to state a claim as to the claims based on confinement in segregation  *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995).

Oser states that he was subjected to "diesel therapy" in retaliation for filing his complaint because he was transferred five times in seven months.  He alleges that "diesel therapy" is not an approved punishment.  He does not allege any facts to support these assertions and does not develop his argument any further than merely stating it.   The issue therefore has not been sufficiently briefed to be considered.  *See Brinkmann,* 813 F.2d at 748.

Finally, the district court's dismissal of Oser's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons,* 103 F.3d 383,

No. 13-30348

387-88 (5th Cir. 1996). Oser is warned that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis (IFP) in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.