# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-41247
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2015

Lyle W. Cayce
Clerk

EDUARDO SANCHEZ,

Plaintiff-Appellant

v.

SHAYLON ALLEN, Ad. Seg Captain; JAMES POWERS, Ad. Seg Major; DAWN E. GROUNDS, Warden; RANDY MCBAIN, Ad. Seg Sergeant; ANGELA HILBORN, Ad. Seg Officer; MS. REED, Ad. Seg Sub-counsel; MS. FORTE, Ad. Seg Sub-counsel; UNIT GRIEVANCE DEPARTMENT OF TELFORD UNIT, Individually and in their Official Capacities,

Defendants-Appellees

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:13-CV-25

————

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eduardo Sanchez, Texas prisoner # 873766, appeals the dismissal of his 42 U.S.C. § 1983 complaint, in which he asserted claims of due process violations and retaliation against various employees of the Texas Department

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41247

of Criminal Justice stemming from a prison disciplinary proceeding.  The district court granted the defendants' motion for summary judgment on the grounds that the claims lacked merit, and the defendants were entitled to Eleventh Amendment immunity and qualified immunity.

We review the grant of summary judgment de novo, applying the same standards as the district court.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

Sanchez first challenges the district court's determination that his due process challenge to his reduction in classification from Level 1 to Level 2, denial of access to property, denial of commissary and visitation privileges, and recreation restrictions—prior to any disciplinary hearing—lacked merit.  This claim of "punishment" without notice and a hearing fails, however, as Sanchez's change in classification status, the denial of commissary and visitation privileges, and cell restrictions do not implicate a liberty interest protected by the Due Process Clause.  *See United States v. Jones*, 664 F.3d 966, 974 (5th Cir. 2011); *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999).  In addition, Sanchez's claim that certain (unidentified) property was taken from him does not state a claim under § 1983.  *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014).  Further, to the extent Sanchez contends prison rules and regulations were violated in connection with his reduction in classification, cell restrictions, and denial of various privileges, he is not entitled to relief.  *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).

Next, Sanchez challenges the dismissal of his claim that the defendants violated his due process rights throughout the disciplinary hearing

proceedings.    As the summary judgment evidence reflects, Sanchez's disciplinary conviction resulted in a punishment of 15 days of recreation restriction, 45 days of commissary restriction, 15 days of cell restriction, a reduction in classification, and the loss of 90 days of good time.  None of those consequences implicated a protected liberty interest for Sanchez.  *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi*, 211 F.3d at 958-59; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  Accordingly, Sanchez has not shown that he was entitled to due process.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Sanchez also maintains that he was denied due process in the assistance of his defense because his Counsel Substitute, Sandra Reed and Shelia Forte, failed to adequately represent him during the preliminary investigation and the disciplinary hearing.  Sanchez, however, cannot maintain a § 1983 action against Reed and Forte based on their actions as his counsel substitute.  *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  To the extent Sanchez contends that Reed's and Forte's alleged shortcomings violated TDCJ rules, he is not entitled to relief under § 1983.  *See Jackson*, 864 F.2d at 1251.

Also without merit is Sanchez's claim that he was punished in excess of established prison procedures, thereby resulting in a due process violation.  First, the nature of the complained-of action—failure to promote Sanchez to Level 1 after 90 days had expired infraction-free in Level 2—is not in the realm of the "atypical and significant hardship" which would give rise to a protected liberty interest requiring any particular procedures.  *See Sandin*, 515 U.S. at 484.  Second, as stated previously, the reduction in classification and attendant restrictions did not infringe upon any constitutionally protected liberty interests.  *See Malchi*, 211 F.3d at 958-59; *Luken*, 71 F.3d at 193.

With regard to his claim of retaliation, Sanchez maintains that Officer Angela Hilborn reported him for a baseless infraction because he made a statement concerning the possible filing of a grievance against her. This claim fails for several reasons. In his complaint, Sanchez expressly stated that his comment to Officer Hilborn was "sarcastic." Thus, because his threatened grievance would have been frivolous, it could not form the basis of a retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). Moreover, Sanchez's allegations of retaliation are conclusory and speculative and do not give rise to any inference that Officer Hilborn's actions were motivated by a retaliatory intent. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Sanchez also challenges the district court's dismissal of his claim that Warden Dawn Grounds and Major James Powers created an unwritten custom and policy to punish inmates, through demotion in classification, without notice and a hearing and to issue excessive punishment by keeping offenders in Level 2 for over 90 days. This claim is unavailing, however, because the purported policy does not result in any constitutional injury. *See Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Further, to the extent Sanchez alleged any personal involvement by Warden Grounds or Major Powers, he abandons these claims by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In addition to the foregoing, Sanchez contends that the prison's use of food loaf as punishment violates due process; that "punishment" prior to any procedural protections constituted cruel and unusual punishment, in violation of the Eighth Amendment; and that prison officials imposed two punishments for his disciplinary infraction, in violation of the Double Jeopardy Clause. Sanchez raised these claims for the first time in reply to the defendants' responsive pleadings, and the district court did not address them in granting

No. 13-41247

the summary judgment motion.  Even if the district court should have allowed Sanchez to amend his pleadings to add these claims, he cannot show that he is entitled to any relief.  Sanchez's placement on the food-loaf diet for seven days does not implicate a liberty interest.  *See Sandin*, 515 U.S. at 484; *Jones*, 664 F.3d at 974.  As to his Eighth Amendment claim, the demotion to Level 2 and denial of various privileges for up to 92 days does not implicate any life necessity, and Sanchez did not allege sufficient facts about the prison officials to show that they were deliberately indifferent.  *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999).  Finally, the constitutional proscription against double jeopardy does not apply to Sanchez's disciplinary proceeding.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Sanchez does not challenge the dismissal of his claims against Captain Shaylon Allen, Sergeant Randy McBain, and the Unit Grievance Staff.  Consequently, he abandons these claims by failing to brief them.  *See Yohey*, 985 F.2d at 224-25.

The judgment of the district court is AFFIRMED.